IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| MHAMED B. AMMOUNE and | ) | CASE NO. 05-39723-H3-13 |
| IVELISSE N. AMMOUNE, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Motion for Relief from Stay Regarding Exempt Property" (Docket No. 160) filed by Mitsubishi Motors Credit of America ("MMCA"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Mhamed B. Ammoune and Ivelisse N. Ammoune ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 24, 2005.

Debtors filed schedules indicating that they owned, inter alia, a 2001 Mitsubishi Montero, and that they owed MMCA

$20,705.05, secured by the Montero.  (Docket No. 22).[1]

On October 3, 2005, MMCA filed a proof of claim, in the amount of $20,705.05, of which it claimed $12,550.00 was secured, and $8,155.05 unsecured.  (Claim No. 5-1).

On October 4, 2005, Debtors filed a plan.  The plan called for Debtors to pay MMCA, on account of its secured claim, $12,550 at six percent interest, during months 5-60, for a total of $14,562.08.  The plan also provides in pertinent part:

> F.2. LIEN RELEASE: Upon a secured creditor, other than a creditor paid directly pursuant to this plan as allowed by 11 U.S.C. § 1322(b)(2) and (b)(5), receiving from the Chapter 13 Trustee all payments specified in paragraph F. herein, that creditor's secured claim is satisfied in full, and that creditor shall release the lien(s) to the debtor, upon that creditor receiving the full amount specified in Paragraph F. herein, except to the extent the Internal Revenue Code, including 26 U.S.C. § 6325(a) or the Bankruptcy Code, Including 11 U.S.C. § 522(c)(2)(B), operate to provide otherwise, or upon the debtor receiving a Chapter 13 discharge.

(Docket No. 26).

The plan was confirmed, by order entered October 12, 2005 (Docket No. 31).

Debtors moved to modify the plan, and the plan was modified twice, by orders entered May 21, 2007 (Docket No. 80) and September 8, 2008 (Docket No. 122).  Neither modification changed the monetary treatment of MMCA's claim.  However, the

---

[1] The court notes that the Retail Installment Contract attached to MMCA's proof of claim indicates that the vehicle is a 2002, rather than 2001, Montero.

2

plan language regarding secured claims changed, to that provided in the court's Uniform Plan.  The preamble to each of the two modified plans provides:

> In conjunction with the plan, the Debtor moves for the valuation of secured claims in the amount set forth in paragraph 8.  The debtor(s) propose to pay the holder of the Secured Claim only the amounts set forth in the debtor(s)' Plan.  The Court will conduct a scheduling conference on this contested matter on the date set for the hearing on confirmation of the debtor(s)' plan.  You must file a response to this objection, in writing, not less than 5 days (including weekends and holidays) before the hearing on confirmation of the plan or the valuation set forth in the plan may be adopted by the Court.  If no response is filed, the Debtor's sworn declaration at the conclusion of this plan may be submitted as summary evidence at the hearing pursuant to Rule 7056 and 28 U.S.C. § 1746.  If no timely answer is filed, the Court may conduct a final hearing on the objection at the hearing on confirmation of the plan.

Paragraph 8 of each of the two modified plans provides in pertinent part:

> 8. All Other Secured Claims (Property to be Retained).  Each secured claimant is hereby designated to be in a class by itself.  Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the validity of a lien filed under FED. R. BANKR. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

(Docket Nos. 75, 122).

On January 5, 2010, Debtors proposed the instant modification.  In the instant motion to modify, Debtors describe the reason for the modification:

3

>  Debtors seek to modify their plan to remove secured
>  creditor Mitsubishi from the plan because the secured
>  debt has been or will be paid by Debtors' automobile
>  insurance carrier.  The automobile was damaged in an
>  accident and was determined to be a total loss.

(Docket No. 147).

Although it is not clear either from the motion to modify (Docket No. 147) or the proposed modified plan (Docket Nos. 150, 151), Debtors argued at the hearing on the instant motion for relief from stay that MMCA's secured claim, as determined under the confirmed plan, has been paid in full, and thus MMCA's remaining claim is unsecured.[2]  Debtors argue that the insurance proceeds (approximately $3,100) should be used to make payments due under their Chapter 13 plan.

The Chapter 13 Trustee has recommended approval of the plan modification proposed on January 5, 2010.  (Docket No. 165).

MMCA argues that it remains secured in the insurance proceeds, as a result of the language of its retail installment contract.  In the instant motion for relief from stay, MMCA seeks lifting of stay in order to exercise its remedies with respect to the insurance proceeds.

The "Diamond Advantage Plan Retail Installment

---

[2]The court notes that, because the proposed modification addresses all claims, and does not address the source of payments, the determination in this opinion as to MMCA's rights with respect to the insurance proceeds neither renders moot nor unconfirmable the proposed modification.  The proposed modification will be addressed by separate order.

4

Contract - Simple Interest" provides in pertinent part:

> Security Interest.  You are giving the creditor a security interest in the vehicle being purchased and any accessories, equipment and replacement parts installed in the vehicle.  The security interest also covers (1) any unearned premiums, unearned charges, or other rebates on insurance or protection plans financed under this contract (2) proceeds of any insurance policies or protection plans on the vehicle and (3) proceeds of any insurance policies on your life or health which are financed in this contract.  This secures payment of all amounts you owe in this contract and in any transfer, renewal, extension or assignment of this contract.  The security interest also secures all promises you make in this contract.

(MMCA Exhibit 2).

## Conclusions of Law

Section 362(d) provides in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

In a hearing on a motion for relief from the stay, the party seeking relief has the burden of proof on the issue of

5

debtor's equity in the property. The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

In In re Hatch, Case No. 99-37651-H3-13 (Slip Op. 10/19/2000), this court addressed the question of whether a plan which determined the value of a creditor's secured claim was binding as to the amount of the secured claim, where the debtor later sought to modify the plan to retain the vehicle after paying on the secured claim. This court held that, in light of the Fifth Circuit's opinions in In re Simmons, 765 F.2d 547 (5th Cir. 1985) and In re Howard, 972 F.2d 639 (5th Cir. 1992), the filing of an objection to claim is necessary in order to provide sufficient notice of a challenge to the amount of a secured claim.

Since this court's opinion in Hatch, this court adopted the Uniform Plan. Although the Uniform Plan contains a motion for valuation, it does not contain an objection to the secured claim. The court concludes that, notwithstanding the court's adoption of the Uniform Plan, Hatch remains good law.[3]

---

[3] The court notes that in United Student Aid Funds, Inc. v. Espinosa, --- U.S. ----, 130 S.Ct. 1367, --- L.Ed.2d ---- (2010), the Supreme Court held that a litigant who had participated in the case forfeited its arguments regarding the validity of service or the adequacy of the bankruptcy court's procedures in that case by failing to raise a timely objection in that court, a holding which appears on first impression to be at odds with the Fifth Circuit's holding in Howard. However, since the instant case remains open, and remains before this court, no issue is raised with respect to the question of whether MMCA has forfeited its rights.

In the instant case, Debtors contend that MMCA has received all of the payments due to it under the plan, and thus Debtors are entitled to a release of MMCA's lien.[4]

Under Section 1329(b)(2) of the Bankruptcy Code, the most recently approved plan, as modified, is the plan. Under Section 8 of the plan, as modified, MMCA retains its lien. The court concludes that Debtors are not entitled to a release of MMCA's lien.

In the instant case, there is no evidence of an offer of adequate protection of MMCA's interest in the insurance proceeds. The court concludes that the automatic stay should be lifted for cause.

Based on the foregoing, a separate Judgment will be entered granting the "Motion for Relief from Stay Regarding Exempt Property" (Docket No. 160) filed by MMCA.

Signed at Houston, Texas on May 14, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[4] There is no evidence as to whether Debtor's contention as to payments would have been true under the original plan.